IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA LIBBIN, et al.,　　　　　　　　　　Case No.: 8:25-cv-03267-TPB-AEP
　　　Plaintiffs,

v.

LAURALYN JOHNSON, et al.,
　　　Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendants, LAURALYN JOHNSON ("Johnson") and SMART MOMS TRAVEL, LLC ("Smart Moms") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiffs' Complaint (Doc. 1) for failure to state a claim. In support, Defendants state:

**I. INTRODUCTION**

1. This case is a contract and commissions dispute dressed up as a multi-count tort complaint. Plaintiffs allege they had an independent contractor relationship with Smart Moms, and Defendants dispute the commissions Plaintiffs claim are owed.

2. Plaintiffs attempt to escalate that dispute into twelve counts, including multiple defamation theories, declaratory relief concerning unspecified restrictive covenants, and emotional-distress-based tort claims. Even accepting the Complaint's allegations as true, several counts fail as a matter of law under controlling federal pleading standards and Florida law, and the Complaint's structure independently warrants dismissal as an impermissible shotgun pleading.

3. Accordingly, Defendants respectfully request dismissal of the Complaint, in whole or in part, with leave to amend as appropriate.

## II. LEGAL STANDARD

4. To survive dismissal under Rule 12(b)(6), a complaint must plead sufficient factual matter to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5. In addition, Federal Rules of Civil Procedure 8 and 10 require a complaint to give fair notice of the claim and the grounds upon which it rests, and to state claims in separate counts. Pleadings that incorporate broad swaths of allegations into each count, or that are confusing or conclusory, constitute impermissible "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015).

6. Courts in the Eleventh Circuit are instructed to address shotgun pleadings early, and may dismiss and require a repleader. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295–96 (11th Cir. 2018).

## III. ARGUMENT

### A. The Complaint Is an Impermissible Shotgun Pleading and Should Be Dismissed

7. The Complaint repeatedly incorporates extensive factual allegations into each count without identifying which alleged facts support which elements of each claim. For example, Counts I through VI each incorporate paragraphs 1 through 49 wholesale.

8. This is the type of pleading the Eleventh Circuit has described as a shotgun complaint: one containing "multiple counts where each count adopts the allegations of all preceding counts." *Weiland*, 792 F.3d at 1321.

9. Additionally, Plaintiffs repeatedly use collective allegations against "Defendants" without clearly identifying which Defendant committed which act. This is particularly problematic here, where the Complaint alleges individualized conduct by Johnson (the alleged "Broadcast"

statements) and distinct obligations allegedly owed by Smart Moms (contractual commission payments).

10. Because the Complaint fails to provide fair notice of which factual allegations support each claim against each Defendant, the Court should dismiss the Complaint and require Plaintiffs to replead in compliance with Rules 8 and 10. *Vibe Micro*, 878 F.3d at 1295–96.

**B. Count XII (Negligent Infliction of Emotional Distress) Fails Under Florida's Impact Rule**

11. Florida generally requires a physical impact (or a recognized narrow exception) to recover for negligent infliction of emotional distress. *Zell v. Meek*, 665 So. 2d 1048, 1050–51 (Fla. 1995).

12. Plaintiffs allege emotional symptoms, including humiliation, anxiety, sleeplessness, and distress, but do not allege a physical impact or any facts supporting a recognized exception to Florida's impact rule.

13. Accordingly, Count XII fails to state a claim and should be dismissed.

**C. Count X (Intentional Infliction of Emotional Distress) Fails Because the Alleged Conduct Is Not "Outrageous" as a Matter of Law**

14. To plead intentional infliction of emotional distress under Florida law, Plaintiffs must allege conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. See *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985).

15. Here, Plaintiffs' allegations relate to alleged speech and internal business communications arising from a dispute over commissions and leadership issues. While Plaintiffs characterize the statements as inflammatory, the Complaint's allegations—taken at face value—

do not rise to the legally required threshold of "outrageous" conduct necessary to state a Florida claim for intentional infliction of emotional distress.

16. Count X should be dismissed.

**D. Count XI (Negligence) Fails Because It Impermissibly Recasts Speech-Based Claims as Negligence**

17. Plaintiffs allege Johnson negligently failed to exercise reasonable care in investigating and communicating statements about Plaintiffs.

18. But the gravamen of Count XI is reputational injury arising from alleged statements. Florida law provides a specific cause of action for defamation to address alleged reputational harm from false statements. Plaintiffs may not expand that framework into a generalized negligence claim based on alleged speech and resulting harm.

19. Count XI should be dismissed.

**E. Count VIII (Promissory Estoppel / Implied-in-Fact Contract) Should Be Dismissed as Duplicative Where an Express Contract Is Alleged**

20. Plaintiffs allege an Independent Contractor Agreement governed the relationship, including the parties' commission structure. Plaintiffs also allege the commission structure was modified via a "written modification" email.

21. Despite alleging the existence of an express agreement governing the same subject matter, Plaintiffs also plead promissory estoppel/implied-in-fact contract premised on the same compensation expectations.

22. Because Plaintiffs' alternative quasi-contract count is duplicative of the express contract theory they allege controls their compensation rights, Count VIII should be dismissed.

### F. Count IX (Declaratory Judgment) Should Be Dismissed Because Plaintiffs Do Not Plead a Ripe, Non-Duplicative Controversy Warranting Declaratory Relief

23. Plaintiffs seek declarations regarding commissions allegedly owed and the enforceability of restrictive covenants.

24. However, Plaintiffs already seek damages for breach of contract and related relief concerning the same commission dispute. Declaratory relief is not warranted where it merely duplicates the issues raised by an existing damages claim.

25. Additionally, Plaintiffs do not plead facts demonstrating an immediate, concrete dispute regarding restrictive covenants. Notably, Plaintiffs do not allege that Defendants issued a cease-and-desist letter, threatened enforcement, or initiated enforcement proceedings based on restrictive covenants. Rather, Plaintiffs plead only generalized allegations that Smart Moms "asserted rights under restrictive covenants" without identifying the covenant terms at issue, the alleged enforcement conduct, or any imminent enforcement threat.

26. For these reasons, Count IX should be dismissed.

### G. Plaintiffs' Requested Injunction Against "Publishing or Republishing" Speech Is Not an Available Remedy on the Pleadings

27. Plaintiffs request preliminary and permanent injunctive relief restraining Defendants from "publishing or republishing" alleged defamatory statements.

28. Plaintiffs' requested remedy is a speech-restricting injunction, which is disfavored and is not properly awarded on the type of generalized allegations pled here. At minimum, the request for injunctive relief should be dismissed as not an available remedy on the face of the Complaint.

**H. Counts IV–VI Fail to Plead Facts Supporting Vicarious Liability Against Smart Moms**

29. Counts IV through VI seek to impose liability on Smart Moms based on "respondeat superior, agency, and ratification."

30. These counts rely on conclusory labels rather than well-pleaded facts establishing Smart Moms' alleged ratification, authorization, or other conduct required to impose liability for Johnson's alleged statements. The Complaint lacks allegations describing, for example, any specific corporate approval, post-notice ratification conduct, or other factual basis showing Smart Moms adopted Johnson's alleged statements as its own.

31. Accordingly, Counts IV through VI should be dismissed as to Smart Moms or, at a minimum, Plaintiffs should be required to replead with clarity and specificity.

**IV. CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court enter an Order:

1. Dismissing the Complaint as an impermissible shotgun pleading and requiring a repleader;
2. Dismissing Counts X, XI, and XII;
3. Dismissing Count VIII;
4. Dismissing Count IX;
5. Dismissing Plaintiffs' request for injunctive relief;
6. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

By: *s/Michael T. Reese*
Michael T. Reese, Esquire
The Michael Reese Law Firm, P.A.
Florida Bar No.: 122475
6735 Conroy Rd., Ste. 312
Orlando, Florida 32835
Telephone: (407) 377-7141
Primary Email: MTR@reeselegal.com
Secondary Email: gchau@reeselegal.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on February 2, 2026, I served the foregoing Motion by filing it with the CM/ECF system for the Middle District of Florida, which provides a notification to all counsel appearing in this matter.

By: *s/Michael T. Reese*
Michael T. Reese, Esquire
The Michael Reese Law Firm, P.A.
Florida Bar No.: 122475
6735 Conroy Rd., Ste. 312
Orlando, Florida 32835
Telephone: (407) 377-7141
Primary Email: MTR@reeselegal.com
Secondary Email: gchau@reeselegal.com
Attorney for Defendants