**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

BARBARA LIBBIN, AND
I LOVE EARS TRAVEL LLC                           CASE NO.: 8:25-cv-03267-TPB-AEP

      Plaintiffs,

v.

LAURALYN JOHNSON, AND
SMART MOMS TRAVEL LLC

      Defendants.

_____/

**<u>UNOPPOSED AMENDED MOTION</u>**
**<u>FOR REHEARING AND/OR TO SET ASIDE DISMISSAL</u>**

**(Amended Solely to Reflect that Opposing Counsel is in Agreement)**

The Plaintiffs, BARBARA LIBBIN and I LOVE EARS TRAVEL LLC, by and through their undersigned counsel, hereby file and serve their Unopposed Amended Motion for Rehearing and/or to Set Aside Dismissal and, as grounds therefore, state as follows:

1.     This case arises from a claim of breach of contract and defamation stemming from a quasi-employment agreement between the Plaintiff (Barbara Libbin and her operating LLC) and the Defendant, SMART MOMS TRAVEL LLC (and its principal). In particular, the Plaintiff has alleged that she was engaged as an independent travel advisor to work through the Defendant's agency booking vacations on a commission basis. During the fall of 2025, the Plaintiff alleges that her services were terminated – and that the Defendant breached their agreement by failing to pay the earned-commissions on travel that had previously been booked. The Plaintiff further alleges that the Defendant defamed her, and other independent travel advisors that had been working under the SMART MOMS umbrella, by making public accusations of impropriety.

1

2.   Since filing the Complaint on November 26, 2025, the parties have engaged in pleading and motion practice including: (a) a motion to dismiss filed on by the Defendant on February 2, 2026 (DE 16); (b) a memoranda in opposition to the motion to dismiss by the Plaintiff (DE 18); (c) a Disclosure Statement filed by the Plaintiff on March 31, 2026 (DE 21); and (d) an Amended Complaint filed on April 1, 2026 – following the order granting motion to dismiss, in part (DE 24).

3.   On April 1, 2026, this Court served a Notice of Hearing for an Initial Case Management Conference to occur on April 15, 2026. The Order further indicated that the hearing would be cancelled if the parties consented to have the case heard by the Magistrate Judge – and filed a consent to do so.

4.   Due to a clerical error, this hearing was not placed on the undersigned's calendar. There was an initial miscommunication between the undersigned and a staff member in which it was discussed that a consent to the Magistrate would likely obviate the need to attend the hearing – but subsequent to that discussion the matter was not input into the schedule.

5.   The undersigned fully intended to consent to the Magistrate, or if not agreeable to the Defendant, attend the Case Management Conference but due to this scheduling error neither occurred. Undersigned counsel recognized this error immediately when the Court entered its Minute Entry reflecting that neither party appeared.

6.   The failure to attend the Case Management was unintentional and the Plaintiff has always intended to proceed with this litigation. The Plaintiff fully

intended to move forward with the litigation, and the failure to attend the Case Management Conference was the product of excusable neglect culminating in an administrative error.

### Memorandum of Law

Federal Rule of Civil Procedure 60(b)(1) provides that the Court may relieve a party from a final judgment, order or proceeding to the extent it is based upon the mistake, inadvertence, surprise or excusable neglect of a party or its counsel. The Courts have set forth a four-pronged test for determining whether relief should be granted based upon excusable neglect: (a) the danger of prejudice from the opposing party; (b) the length of the delay and its potential impact on the proceedings; (c) the reason for the delay; and, (d) whether the movant acted in good faith. Skinner v. Legal Advocacy Center Florida, Inc., 2012 WL 2814348 (M.D. Florida 2012) citing Pioneer Investment Services Company v. Brunswick Associates, 113 S.Ct. 1489, 1499 (1993).

In this case, each of these factors weigh in factor of relief. First, the Defendant cannot demonstrate any material prejudice from the Plaintiff's failure to attend the Case Management Conference. In fact, the Court's Minute Entry reflects that neither party attended, presumably due to an administrative error on the part of both. Likewise, the length of the delay was not significant as this motion is being filed within two (2) days after the Case Management Conference was missed and the Order of Dismissal was entered (the motion would have been filed the immediately but the Plaintiff had a duty to confer with opposing counsel).

Additionally, as set forth above, the reason for missing the Case Management Conference arises from a miscommunication between counsel and an assigned staff member – and an inadvertent failure to place the hearing on the calendar. Finally, the Plaintiff and its counsel have acted in good-faith, both in working with the Defendant's counsel throughout this matter and in bringing this matter to the Court's attention as soon as possible.

WHEREFORE, the Plaintiff requests that this Court enter an Order vacating and/or providing relief from its Order dismissing this matter without prejudice and granting them any and all such further relief as this Court deems just, necessary and equitable.

### **VERIFICATION OF COUNSEL**

I hereby certify that the foregoing facts set forth in this motion, including the reasons for the failure to attend the April 15, 2026, Case Management Conference are true and correct.

/s/Joshua D. Ferraro
Joshua D. Ferraro

### LOCAL RULE 3.01(g) CERTIFICATE

The undersigned certifies that he has conferred with opposing counsel regarding the relief set forth in this Motion and that opposing counsel is in agreement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon Counsel of Records, set forth in the below Service List, on April 17, 2026, via the Court's electronic filing portal.

Respectfully submitted,

/s/ Joshua D. Ferraro_____
Joshua D. Ferraro
Florida Bar No.: 0797391
jferraro@lesserlawfirm.com
LESSER, LANDY, SMITH & SIEGEL, PLLC
420 Columbia Drive, Suite 110
West Palm Beach, FL 33409
Telephone: (561) 655-2028

## SERVICE LIST

**Libbin et al. vs. Johnson et al.,**

**United States District Court of the Middle District of Florida**

**CASE NO. 8:25-cv-03267-TPB-AEP**

*Attorney for Plaintiff, Lbbin et al.*
Joshua D. Ferraro, Esquire
E-mail:  jferraro@lesserlawfirm.com
        ldurandetto@lesserlawfirm.com
Lesser, Landy, Smith & Siegel, PLLC
420 Columbia Drive, Suite 110
West Palm Beach, FL 33409
Phone: (561) 655-2028
Facsimile: (561) 655-2033

*Attorney for Defendant, Johnson et al*
Michael T. Reese, Esquire
E-mail: mtr@reeselegal.com
        gchau@reeselegal.com
Reese Legal
6735 Conroy Road, Ste 312
Orlando, FL 32835
Phone: (407) 377-7141
Facsimile: (407) 377-7307

*Attorney for Plaintiff, Libbin et al.*
Jefferey Ment, Esquire
Ment Law Group, PC
E-mail: jment@mentlaw.com
        kinglis@mentlaw.com
225 Asylum Street

Hartford, CT 06103
Phone: (203) 557-3928